# MARCHANT v. MEAD–MORRISON MFG. CO.

(Circuit Court of Appeals, Second Circuit. March 19, 1926.)

No. 266.

Removal of causes ⟨⚏⟩107(8)—Where motion to remand to state court is granted, denial of motion for appointment of arbitrator is merely denial for lack of jurisdiction, and left merits of motion for state court.

Granting motion to remand proceeding to state court, being a decision against federal court's jurisdiction, proper procedure was to send matter back to state court at once, and court's denial of motion to dismiss petition for appointment of arbitrator could mean no more than denial because of lack of jurisdiction, leaving motion for decision by state court on its merits.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the application of Russell B. Marchant, as trustee in bankruptcy, for an order appointing an arbitrator, opposed by the Mead-Morrison Manufacturing Company. From so much of an order remanding proceeding to the Supreme Court of New York as denied its motion for an order dismissing bankruptcy trustee's motion for an arbitrator and directing that arbitration proceed (7 F.[2d] 511), said Mead-Morrison Manufacturing Company appeals. Affirmed.

Marchant, as trustee in bankruptcy, deemed himself successor to the rights of the corporation of which he is trustee, which corporation had a written contract with the Mead Company. This contract contained a clause providing, in the event of disputes, for the appointment of an arbitrator by each contracting party, and of a third arbitrator by the other two.

Marchant declared to Mead Company that a dispute existed, and named an arbitrator; Mead Company protested that no arbitrable dispute did exist, but also named an arbitrator. The persons named could not or did not agree on the third, whereupon Marchant by petition applied to the Supreme Court of New York for an order naming the third arbitrator; this in accordance with the Arbitration Law of New York. Laws 1920, c. 275 (Consol. Laws, c. 72).

Marchant and the corporation for which he is trustee are of New York; Mead Company is a corporation of Massachusetts; therefore Mead Company removed to the court below the said application for arbitrator, on the ground of diversity of citizenship.

Removal being complete, Marchant moved to remand, and Mead Company moved "for an order dismissing the application of Marchant for an order appointing an arbitrator," etc.

The motions were heard together, and resulted in an order consisting of several "ordering parts," of which two appear in the following sequence:' (1) The proceeding "is remanded to the Supreme Court of New York"; and (2) the motion of Mead Company "for an order dismissing the application (of Marchant) for an arbitrator and directing that arbitration · proceed herein be and the same is denied."

Thereupon Mead Company appealed to this court "from each and every part of said *order of denial*."

Edward F. McClennen and Arthur P. French, both of Boston, Mass., and Charles E. McMahon, of New York City, for appellant.

Charles M. Travis, of New York City (Leland B. Garretson, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The remanding order is admittedly not subject to review in this court. Judicial Code, § 28 (Comp. St. § 1010). It must follow that the case has gone back to the state court, and how it or any part of it can also be or remain in the courts of the United States is, to say the least, difficult to understand.

Argument is that, while the case was in the court below, that court'improved the opportunity to *deny* Mead Company's application to dismiss Marchant's petition; so that the cause went back to the state court with a motion denied, which Mead Company regards as vital to its interests. Wherefore this appeal is said to bring up only the propriety of that denial.

The procedural impossibilities resulting from the action of the court below, as construed by appellant, are too obvious to need explanation. The result is that a court which held itself to be without power—i. e., jurisdiction to entertain the cause at all—is said to have cotemporaneously decided a leading, if not controlling, element of the cause.

The matter is extremely technical, yet a technicality can resolve it. The motion to remand raised a question of jurisdiction; decision was against jurisdiction; therefore proper practice was to send the matter at

11 F.(2d)—24

once, and as it was, to the place where jurisdiction existed. The second. part of the order under review was improper, if understood as appellant wants it understood.

But it can be taken, and we understand it, to mean no more than that Mead Company's motion was necessarily denied for the same reason that the cause was remanded, viz. lack of jurisdiction. So understood the order complained of is no more than one declining *any* jurisdiction in the premises. It is not well drawn, but is not open to the impossibilist construction necessarily assumed by appellant. Mead Company's motion stands for decision in the state court on its merits.

In writing the foregoing we have assumed that the order in question is *final*, in respect of the second part thereof. That assumption is made for argument's sake; it is not a finding.

Order affirmed; no costs.