### MARCHANT v. MEAD–MORRISON MFG. CO. *

Circuit Court of Appeals, Second Circuit.
November 12, 1928.

No. 75.

*Certiorari denied 49 S. Ct. 179, 73 L. Ed. ——.

Charles M. Travis, of New York City (Kenneth M. Spence, Kenneth E. Walser, and Louis S. Weiss, all of New York City, of counsel), for plaintiff.

McLaughlin, Knollenberg, Royce & Leisure, of New York City (Edward F. McClennen and Arthur P. French, both of Boston, Mass., of counsel), for defendant.

Julius Henry Cohen and Kenneth Dayton, both of New York City, for Chamber of Commerce of the State of New York and American Arbitration Association, Inc.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. On May 25, 1922, the Bear Tractors, Inc., a corporation, for which the plaintiff was appointed trustee in bankruptcy, contracted with the defendant for the purchase of tractors. The contract contained an arbitration clause reading:

"If for any reason any controversy or difference of opinion shall arise as to the construction of the terms and conditions of this contract or as to its performance, it is mutually agreed that the matter in dispute shall be settled by arbitration, each party to select an arbitrator and the two so selected to select a third, and the decision of the majority of such arbitrators given after a full hearing and consideration of the matter in controversy shall be final and binding upon the parties and a condition precedent to any suit upon or by reason of any such controversy or difference. The cost of such arbitration shall be paid by the party against whom the majority of such arbitrators render such decision."

A controversy arose as to the performance of the contract, and claims of late deliveries were made; also failure to build in accordance with the specifications. On July 30, 1925, the arbitrators selected by the parties failed to agree on a third arbitrator. The plaintiff then presented a petition to the Supreme Court of the state of New York, praying for the appointment of a third arbitrator, and an order was entered, making such appointment and directing the parties to proceed to arbitration in accordance with the contract stipulation. The petition, praying such appointment, alleged making the contract and the large expense incurred by the Bear Tractors, Inc., in relying upon the performance of the contract, the controversies as to the performance, and the willingness on the part of the plaintiff to settle them by arbitration. It recited a demand upon the defendant therefor. It also stated that the arbitrators named by the parties were unable to agree on a third, and prayed "that this court direct the parties to proceed to arbitration in accordance with the terms of said agreement." Whereupon the defendant filed a petition for the removal of the suit to the District Court for the Southern District of New York upon the ground of diversity of citizenship, and alleging that the matter in controversy exceeded, exclusive of interest and costs, the sum of $3,000. The petition further alleged:

"The Arbitration Law of New York (Laws of 1920, chapter 275, as amended) provides for a civil action at law to result in a judgment to be entered and enforced in the civil courts of law, of which the petition aforesaid is a part and the initial step therein."

The plaintiff moved to remand the cause to the state court, for the reason that the jurisdictional amount was not involved in the proceeding to compel arbitration. An order remanding was granted by the District Court. Marchant v. Mead-Morrison Mfg. Co., 7 F. (2d) 511. On appeal, to this court, we affirmed. 11 F.(2d) 368. We there said:

"The remanding order is admittedly not subject to review in this court. Judicial Code, § 28 (Comp. St. § 1010 [28 USCA § 71]). It must follow that the case has gone back to the state court, and how it or any part of it can also be or remain in the courts of the United States is, to say the least, difficult to understand."

We are not now at liberty to review the order remanding this suit. Ex parte Matthew Addy S. S., 256 U. S. 417, 41 S. Ct. 508, 65 L. Ed. 1027; Powers v. C. & O. Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed.

673; Mo. Pac. Ry. v. Fitzgerald, 160 U. S. 556, 16 S. Ct. 389, 40 L. Ed. 536; Morey v. Lockhart, 123 U. S. 56, 8 S. Ct. 65, 31 L. Ed. 68; Young v. So. Pac. Co. (C. C. A.) 15 F.(2d) 281.

The defendant appealed to the Appellate Division of the state Supreme Court from the order appointing the third arbitrator, where the order was affirmed (215 App. Div. 759, 212 N. Y. S. 869), and leave to appeal to the Court of Appeals was denied on March 4, 1926. Hearings were then had by the arbitrators, and the majority agreed upon an award for the plaintiff in the sum of $849,006.76, with costs. On October 14, 1927, the plaintiff moved in the state court for an order confirming the award and for judgment. Thereupon the defendant filed a petition to remove the suit into the District Court, alleging the jurisdictional amount was involved. The plaintiff moved to remand on October 28, 1927, which was denied. The defendant moved to vacate the award, and the plaintiff moved to confirm. Both motions were argued together, and resulted in an order affirming the award, in so far as it finds that the defendant did not perform its obligation to deliver tractors in accordance with the contract, but vacating it in so far as it finds and awards the sum of $849,006.76 as due the plaintiff.

■ Among the errors assigned is one bringing into question the denial of the plaintiff's motion to remand the cause to the Supreme Court of the county of New York. A denial of a motion to remand is reviewable. Road District No. 2 v. St. L. S. W. Ry. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364; Powers v. C. & O. Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Mo. Pac. Ry. Co. v. Fitzgerald, 160 U. S. 556, 16 S. Ct. 389, 40 L. Ed. 536. The purpose of the New York Arbitration Law is to compel specific performance of arbitration stipulations. Red Cross v. Atlantic Fruit Co., 264 U. S. 109, 44 S. Ct. 274, 68 L. Ed. 582; Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 130 N. E. 288. The courts have said that such agreements shall be enforceable, and that the tribunal chosen for the parties shall be the tribunal for the trial. Matter of Kelley, 240 N. Y. 74, 147 N. E. 363; Matter of Berkovitz v. Arbib & Houlberg, supra. It is a substitute for the courts in the settlement of the controversy. American Eagle Ins. Co. v. N. J. Ins. Co., 240 N. Y. 398, 148 N. E. 562. The New York Civil Practice Act describes the rules applicable to the motions to confirm, modify, or vacate an award.

Sections 1456–1458. By the Arbitration Law (Laws 1920, c. 275, § 8) the provisions of the Code of Civil Procedure, now the Civil Practice Act, apply to the procedure for affirming, modifying, and vacating an arbitration award. The Supreme Court of the state has jurisdiction of the subject-matter, if no court be specified by the arbitration agreement, and, by section 1456 of the Civil Practice Act, the court must grant judgment, unless the award is vacated, modified, or corrected as prescribed in the next two sections. These sections state the reasons for vacating an award, either because of corruption, fraud, or partiality of the arbitrators, or where there has been evident mistake, or a mistake in the calculation or the description of any person or property referred to in the award, or where an award has been made upon a matter not submitted, or is imperfect in the matter of form, not affecting the merits of the controversy.

When this suit was removed, after the arbitrators had made their award, it was upon the theory that the appointment of the arbitrator was one proceeding, and the application for judgment on that award was another or second suit. Matter of Red Cross Line v. Atlantic Fruit Co., 233 N. Y. 373, 136 N. E. 821; Matter of Hosiery Mfrs.' Co. v. Goldston, 238 N. Y. 22, 143 N. E. 779. The latter case holds that an order to proceed to arbitrate, based upon an arbitration agreement, is a final order, and appealable to the Court of Appeals of the state, which limits the right to appeal from orders or judgments which are final determinations. Referring to the Matter of Red Cross Line v. Atlantic Fruit Co., supra, the court held that the order entered was the end of one proceeding, and the arbitration itself was another special proceeding, under the Arbitration Law. Consolidated Laws, c. 72, as amended by chapter 341, § 6a, Laws of 1923.

■ Decisions of the state court as to the nature of the proceedings, under the state statutes, while persuasive, are not conclusive on the question of removal of causes under the federal statutes. Removal under the federal statutes is a question for the consideration of the federal court. It is not concluded by the view of the state court as to what is a suit within the statutes. Road District No. 2 v. St. L. S. W. Ry. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364; Mason City R. R. Co. v. Boynton, 204 U. S. 570, 27 S. Ct. 321, 51 L. Ed. 629; Madisonville Traction Co. v. Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49

L. Ed. 462; Upshur County v. Rich, 135 U. S. 469, 10 S. Ct. 651, 34 L. Ed. 196.

When the plaintiff applied to the state court for the appointment of the arbitrator, it was intended that the arbitrators would make their award and, when they did so, an application would be entertained by the state Supreme Court for an order confirming the award, and for judgment accordingly. We cannot agree that each is a separate proceeding within the meaning of section 28 of the Judicial Code (28 USCA § 71), providing for removal to the federal court of a suit at common law or in equity between the citizens of different states involving more than $3,000. What transpired from the application to the state Supreme Court, and the entry of an order appointing an arbitrator, to and including the application for confirmation of the award made by the arbitrators, was a suit for the specific performance of the contract. It was all one arbitration proceeding, to settle the controversies which had arisen between the parties. They were not separable controversies. Road District No. 2 v. St. L. S. W. Ry. Co., supra; Prentis v. Atlantic Coast Line, 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; Pacific Railroad Removal Cases, 115 U. S. 1, 18, 5 S. Ct. 1113, 29 L. Ed. 319.

The proceeding from the outset had all the elements of a judicial controversy, to wit, adversary parties and an issue, in which the claim of one of the parties against the other, capable of pecuniary estimation, was stated and answered in the same form of pleading. All this was addressed to the Supreme Court of the state, functioning as a judicial tribunal. Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524. The appointment of the arbitrator was but a step in the relief sought by the plaintiff from the damages inflicted by the breach of the contract. Having commenced the suit in the state court on an application for the appointment of the arbitrator, it would not have been permissible for the plaintiff to have proceeded later for its confirmation in the District Court of the United States upon the theory of a diversity of citizenship. The plea of a pending suit in the state court would have been available to the defendant. The motion to remand the suit to the state court should have been granted. The determination will be reversed, and the District Court is directed to enter an order remanding the suit to the New York state Supreme Court.

Order reversed.