**LESSER TOWERS, INC., Petitioner,**

v.

**ROSCOE–AJAX CONSTRUCTION CO., Inc., Respondent.**

**No. 66–1380.**

United States District Court
S. D. California,
Central Division.

Sept. 15, 1966.

Charles J. Katz and Louis C. Hoyt, Los Angeles, Cal., for petitioner, Lesser Towers, Inc.

Beardsley, Hufstedler & Kemble, Los Angeles, Cal., for respondent Roscoe-Ajax Const. Co.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND.

CRARY, District Judge.

Petitioner, on or about July 24, 1964, filed in the Superior Court of the State of California in and for the County of Los Angeles a petition for an order directing arbitration, and so forth, in case No. 842,744. Respondent filed its answer therein about August 27, 1964. On or about August 7, 1964, respondent filed an action in the Superior Court, naming petitioner as a defendant therein, for declaratory relief and to enjoin arbitration. That case, being numbered 843,501, was consolidated with 842,744, supra, by order of the Superior Court. The Superior Court issued its order for arbitration and arbitration was held pursuant thereto.

On or about August 16, 1966, petitioner filed its petition in Superior Court action 842,744 to confirm the award of the arbitrator. On August 24, 1966, respondent filed its petition for removal of the action to this United States District Court under the provisions of Title 28, U.S.C. § 1441, and 28 U.S.C. § 1332, asserting that the filing of the petition to confirm the award, and notice

of motion therefor filed August 16, 1966, was a "civil action commenced on August 16, 1966, in the Superior Court of the State of California for the County of Los Angeles" (page 1, lines 19–20, Petition for Removal). On August 26, 1966, petitioner herein filed its motion to remand the case to the State court.

The question presented to the court on the motion to remand is whether the receipt by respondent of a copy of the petition to confirm the award in Superior Court action 842,744, filed August 16, 1966, was the receipt of a copy of the *initial pleading* such as to start the running of the thirty day period for removal to the United States District Court, within the provisions of Section 1446(b), Title 28, U.S.C.

The respondent, in its points and authorities in opposition to petitioner's motion to remand, urges that the case of Marchant v. Mead-Morrison Mfg. Co., (2 C.A.1928) 29 F.2d 40, and other 2nd Circuit cases are not applicable to the instant matter because "Marchant and the 2nd Circuit cases which follow it are based upon an interpretation of the New York arbitration law, which, *unlike California*, considers all aspects of an arbitration proceeding to be a single proceeding."

██ It does not appear that the confirmation of an arbitration award is a separate proceeding under the California Arbitration Act. Section 1292.6 of the Code of Civil Procedure provides:

> "After a petition has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding."

It is to be noted that the New York Standard Civil Practice Act has a similar provision, as a part of Section 7502 thereof, the last sentence of which reads: "All subsequent applications shall be made by motion in the pending action or the special proceeding."

The court in the Marchant case, supra, ruled that under the New York arbitration law (1920) the various steps were not separate proceedings. The petition to compel arbitration in the New York state court, filed in July, 1925, which had been removed to the Federal court, was remanded because the jurisdictional amount was not involved. On October 14, 1927, plaintiff moved the State court for an order confirming the award and defendant removed same to the United States District Court alleging that the jurisdictional amount was involved. A timely motion to remand the motion for order confirming the award was denied. (The Court of Appeals reversed, holding the motion to remand should have been granted.)

After denial of the motion to remand, defendant moved to confirm the award and plaintiff moved to vacate. These motions were argued together and resulted in an order affirming the award in part and vacating it in part (page 42).

The State of New York court had held that under the New York arbitration law *in effect at that time* the order for arbitration was a final, appealable order, and that that order was the end of one proceeding and the petition for confirmation was a separate proceeding under the New York law.

The Court of Appeals, at page 42, observes:

> "Decisions of the state court as to the nature of the proceedings, under the state statutes, while persuasive, are not conclusive on the question of removal of causes under the federal statutes. Removal under the federal statutes is a question for the consideration of the federal court."

The court went on to hold that the application to the State court for an order to arbitrate, to and including the petition for confirmation of the award, "was a suit for specific performance of the contract. It was all one arbitration proceeding, to settle the controversies which had arisen between the parties. They were not separable controversies." (Page 43)

It does not appear to this court that the court in the Marchant case followed the then New York law but made its own determination of the question of whether the petitions involved were part of the same action for the purpose of removal.

The Court of Appeals, 2nd Circuit, cites the Marchant case in Ballantine Books, Inc. v. Capital Distributing Co., (2 C.A.1962) 302 F.2d 17, for the rule that the time for removal of the supervision of an arbitration proceeding from the State to the Federal courts begins to run from the date of the first court action relating to the arbitration (page 19).

The appellate division of the New York Supreme Court held that motion to disqualify an arbitrator made in the State court was premature and should not have been entertained, and such action by the State court was not in any practical sense an assumption of supervision over arbitration. The court then states at page 20:

"Moreover, we hold that at the time of Ballantine's petition to confirm the state court did not have the arbitration proceedings sub judice and thus there was in actuality no conflict of jurisdiction. Whether or not such jurisdiction had attached is for this purpose a question of federal law."

Marchant, supra, is also cited with approval in Hetherington & Berner, Inc. v. Melvin Pine & Co., (2 C.A.1958) 256 F.2d 103, 107, where the court states:

"In the first place the application to confirm the award, Civil Action No. 122–64, was ancillary to and a continuation of the earlier suit in which a temporary restraining order had been issued and a stipulation of the parties had been filed. Cf. Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 1928, 29 F.2d 40, certiorari denied 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565. The parties clearly contemplated that judgment on the arbitrators' award would be entered in the federal court where they already were and properly so by reason of diversity of citizenship."

In the Hetherington case the United States District Court granted a preliminary injunction against defendants' use of funds alleged to belong to plaintiff. On stipulation of the parties the District Court stayed the action pending arbitration, which was decided in favor of plaintiff. The plaintiff moved to confirm in the District Court and removed to the Federal court a proceeding brought by defendants in the New York Supreme Court to vacate the award as being indefinite. The Court of Appeals held that the District Court had both ancillary and original jurisdiction to confirm an award of arbitration in favor of plaintiff where a prior District Court action was stayed pending arbitration.

In Davenport v. Procter & Gamble Mfg. Co., (2 C.A.1957) 241 F.2d 511, 63 A.L.R.2d 1350, the court held the removal of a petition to arbitrate was proper. The petition was the first judicial proceeding in the matter. Motion to remand was denied on the grounds that the jurisdictional amount was involved, the court observing that in considering the jurisdictional amount requirement it should look through a possible award resulting from desired arbitration, since petition to compel arbitration was only an initial step in litigation which sought as its goal a judgment affirming an award. At page 513 of its opinion the court cites Marchant v. Mead-Morrison Mfg. Co., supra, as repudiating " * * * the view that each step in the state court suit is 'a separate proceeding' within the meaning of the removal statute * * *."

Respondent, at oral argument, initiated its position that the Federal arbitration statute (9 U.S.C. §§ 1–14) applies, *not* the California Act, and that under the Federal Act the petition for confirmation of the award should not be considered as a continuation of or ancillary to any action for an order for arbitration but that said petition for confirmation is a claim for an entirely different relief, independent of the petition for the order for arbitration.

In Victorias Milling Co. v. Hugo Neu Corp., (S.D.N.Y.1961) 196 F.Supp. 64,

Neu petitioned the New York Supreme Court to vacate the award of the arbitrator. Victorias then moved the Federal court to confirm the award and removed the State court proceeding to vacate the award. Neu then moved the District Court to remand its motion to vacate. The court held that the proceeding in the New York court was brought in reliance upon a Federal statute [28 U.S.C. § 1333(1)] which provides that the District Court shall have original jurisdiction exclusive of State courts over civil actions of maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are otherwise entitled", and that there could be no removal to the Federal court *in the absence of an allegation of diversity of citizenship*. The motion to remand was granted. Hearing of the motion to confirm the award was deferred until the motion to vacate had been decided by the State court.

The question of who was the defendant and therefore vested with the right to petition for removal was an issue in the Victorias case, which we do not have in the instant action.

At page 69 of its opinion, the Victorias court asked whether Victorias sustained its burden of establishing Federal jurisdiction. Victorias asserted original jurisdiction in the Federal court under 28 U.S.C. § 1333 and 9 U. S.C. Sections 1, 9 and 10 (United States Arbitration Act).

The court observes that the "thrust" of Victorias' argument depends on an interpretation of the court in Robert Lawrence Company v. Devonshire Fabrics, Inc., (2 C.A.1959) 271 F.2d 402.

In the Lawrence case, relied on by respondent herein, defendant appealed from an order denying its motion for a stay of proceedings pending arbitration pursuant to the United States Arbitration Act, 9 U.S.C. § 3. The court held that the United States Arbitration Act created national substantive law re arbitration (page 409) affecting commerce and maritime transactions, to be adjudicated by Federal courts when such

courts have *subject matter jurisdiction*. The Lawrence case involved interstate commerce. At page 407 the court holds that the Federal Arbitration Act is a declaration of national law equally applicable in State or Federal courts. The court, however, concludes (page 408) that although new substantive rights were created, suits involving the application of the United States Arbitration Act do not furnish an independent basis of Federal jurisdiction under Title 28 U.S.C. § 1331. Likewise in the Victorias case, supra, the court held that the United States Arbitration Act did not provide an independent basis for original Federal jurisdiction, permitting it to be removed.

Referring again to the Victorias case, supra, the court notes, at page 70 of its opinion in 196 F.Supp., that "Since the state courts have concurrent jurisdiction over this matter (citing cases), Hugo Neu chose to pursue its remedy in the courts of New York, relying upon the 'saving to suitors' clause * * *." As noted above, the case was remanded because diversity of citizenship was not alleged and the court held this followed although the ultimate resolution of the motion to vacate might require the State court to apply Federal law, observing that since Congress has seen fit to grant concurrent jurisdiction to the State courts they are competent to dispose of questions involving Federal law (page 70).

There is no controversy in the case at bar as to the concurrent jurisdiction of the California and Federal courts. The parties are agreed on that point.

■ The Lawrence and Victorias cases are not determinative of the problem involved in the instant matter but do concern respondent's argument re application of the United States Arbitration Act. It appears that although the Federal law may be applicable, the United States Arbitration Act does not require that the proceedings to enforce arbitration and the arbitration award be deemed so separate and independent as to allow the removal to Federal court

more than thirty days after the State court is vested with jurisdiction on the filing in that court of the initial judicial proceedings in the matter.

■ Respondent urges that under the provisions of Section 9 of Title 9, jurisdiction vests in this court on removal of the motion to confirm. The provisions of Section 9 re the vesting of jurisdiction in the Federal court on filing of an application for confirmation of an award do not, in the opinion of this court, contemplate a situation where jurisdiction of the case was at that time in the State court by virtue of that court having considered and ruled upon initial judicial proceedings in the matter. Article 40 of the general conditions of the contract here involved provides the agreement shall be specifically enforceable, including judgment upon the award "* * * in the court of the forum, state or federal, *having jurisdiction.*" (Emphasis added.)

Respondent also contends that a petition to compel arbitration is a final order and appealable and that therefore a motion to vacate an award or motion to confirm same are separate and independent proceedings warranting removal to or the filing in the Federal court. The Marchant case, supra, dealt with the effect of decisions holding that an order to arbitrate was a final appealable order (29 F.2d page 42). That point is discussed hereinabove. In Krauss Bros. Lumber Co. v. Louis Bossert & Sons, (2 C.A.1933) 62 F.2d 1004, relied on by respondent, the suit to compel the arbitration was commenced in the Federal court, not the State court, as in the case at bar, and the Marchant case, supra, was approvingly discussed by the court at page 1005.

In support of its position re the petition for confirmation of the award, being a proceeding which it is entitled to remove to the Federal court, respondent cites Reynolds v. Reynolds, (5 C.A.1962) 309 F.2d 395. From the per curiam opinion therein, it appears that after a Georgia divorce decree had been entered between the parties the plaintiff in the divorce proceeding filed a petition or motion directed to the defendant seeking that he show cause why certain life insurance policies should not be adjudged property of the plaintiff. No process was issued or served on the defendant. The defendant, a non-resident of Georgia, "removed the case" to the United States District Court. Plaintiff's motion to remand was denied. The Court of Appeals states at page 395 of the opinion:

"Neither ownership nor right to possession of such policies was an issue in, or determined by, the divorce proceedings. The relief sought, by whatever name now described, was not ancillary. It was an independent, separate, new proceeding which the defendant was entitled to remove. Since it was not ancillary, the purported service by mere notice to defendant's divorce action counsel was inadequate."

It does not appear that in the case at bar the petition for confirmation of the award was independent of, separate as to, and a new proceeding from the petition for the order to arbitrate, both of which petitions were filed in the same action in the Superior Court.

The opinion in the Reynolds case does not disclose that the petition there involved for the order to show cause was in the divorce action. This court concludes from the comments of the court in that case that it was not.

In Monte v. Southern Delaware County Authority, (E.D.Pa.1963) 212 F.Supp. 604, cited by respondent herein, plaintiff, a Michigan partnership, brought action to confirm arbitration award in the Federal court under 9 U.S.C. § 9, and in proper time removed to the United States District Court an action by defendant in the State court to modify, vacate, and so forth, the award (28 U.S.C. § 1441(b)). Defendant moved to dismiss the motion to confirm and to remand the action to vacate to the State court. The motion was denied.

The court held that since the contract did not provide for any specific court in which the award was to be confirmed

that " * * * if all the other jurisdictional requirements are met, namely: diversity of citizenship, $10,000.00 and commerce, this motion to confirm is properly before this Court" (page 607). However, in reading the Monte case, we should have in mind that there was no prior action in the State court for an order for arbitration, the time for removal of which had expired, as in the instant matter.

Monte had commenced, in the State court, an action for declaratory relief in 1960. About one year later defendant filed a petition for a stay of the action pending arbitration. The declaratory judgment proceedings were voluntarily discontinued by Monte. Defendant urged that since it filed the motion to stay the declaratory judgment action in the State court that the parties were ever more committed to that court (page 609). The court ruled that the motion to stay the declaratory judgment proceeding, pending arbitration, was *not* a motion " * * * in respect to said arbitration" and that the said motion was ancillary to the declaratory judgment proceeding which was the only proceeding between the parties then in existence. The court further held that the contract evidenced a transaction involving interstate commerce (pages 609, 611). In conclusion, the court says, at page 613, "The arbitration situation in the instant case was not in Court until the Authority filed the award and the motion to modify, correct or vacate the award in Delaware County on September 4, 1962."

The removal on September 12th was timely and proper even though the Pennsylvania Arbitration Act had been applied in the arbitration proceedings.

On appeal by Monte, 321 F.2d 870 (3 C.A.1963), the Court of Appeals reversed on the grounds the parties had contractually agreed that the review of the award would be limited to the State court. On a second appeal by the Authority, 335 F.2d 855 (3 C.A.1964), the Court of Appeals affirmed the remand of the motion of the Authority to modify, vacate, and so forth, and Monte's

motion to confirm the award filed in the Federal court. The Authority argued the court had no power to remand the motion to vacate which had not been filed in the State court (page 856). The court held that consolidation of the two motions was implicit in the remand order.

Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Union Local 584, (E.D.N.Y.1963) 222 F.Supp. 125, involved a suit in which the petitioner sought an order of the State court to arbitrate and the respondent Union removed the proceeding to the Federal court. The court held that the proceeding was properly removed and that the proceeding to compel the Union to arbitrate as per its contract was a "suit" within the statute authorizing suits for violation of a labor contract affecting interstate commerce to be brought in the Federal court. At page 130 of its opinion, the court states:

"Notwithstanding how the courts of New York State characterize a petition to compel arbitration, it is clear that the federal courts are not limited thereby and that they hold that such a petition is both a 'suit' within 29 U.S.C. § 185(a), Hall v. Sperry Gyroscope Co. Div. of Sperry Rand Corp., supra, [D.C.], 183 F.Supp. 891 at 893; Minkoff v. Budget Dress Corp., supra, [D.C.], 180 F.Supp. at 818; and a 'civil action' within 28 U.S.C. § 1441 (a)." Citing additional authorities.

On the same page the court further observes:

"As to the timeliness of removal the decisions of our federal courts in this Circuit are uniform. They hold that the twenty day period commences to run from the date of the first court action relating to the arbitration." Citing authorities, including Minkoff v. Budget Dress Corp., (S.D. N.Y.1960) 180 F.Supp. 818, and Marchant v. Mead-Morrison Mfg. Co., supra.

Applying this interpretation to the case at bar, the petition for order to

arbitrate filed by the petitioner herein in July, 1964, was the commencement of a "civil action" in which the motion to confirm the award was made and timely petition for removal of the action was not filed.

It would appear from the affidavit of Joseph P. Certa, Vice President and Assistant Secretary of respondent company, filed September 6, 1966, that the contract between the parties hereto involved substantial interstate commerce, although the court makes no finding in this regard. Whether the California or Federal arbitration statutes are deemed to be applicable, however, does not alter the court's conclusions or the result obtained.

The court in the Lawrence case, supra, notes that the suits involving the application of the United States Arbitration Act "do not furnish an independent basis of Federal jurisdiction" and that Congress, under its Article III powers, sought to prevent the Federal courts from becoming unduly snarled by this far reaching law. These comments are followed by a discussion of the provisions of Sections 4, 3 and 8 of the United States Arbitration Act and the meaning to be applied thereto (271 F.2d page 408).

The court concludes that whether the law of California is to be applied in the interpretation of the contract, including the California Arbitration Act [Ross v. 20th Century-Fox Film Corp. (9 C.A.1956) 236 F.2d 632, 634], or the Federal Law [Robert Lawrence Company v. Devonshire Fabrics, Inc., supra], is for the determination of the California court. The court further concludes that the California court first assumed jurisdiction of the arbitration proceeding by the filing of the petition for an order directing arbitration, which was the original court proceeding in the case, and that subsequent motions in that proceeding, No. 842,744, including the petition for confirmation of the award, were ancillary to and a part of a proceeding to enforce the contractual obligation to arbitrate, and the judgment or award

resulting from the arbitration and the motion for confirmation was not a separate controversy.

Petitioner's motion to remand is granted. Motion of respondent to vacate, etc., filed herein, is ordered remanded.