**In the Matter of the Arbitration Between LOCAL 435 OF the RETAIL STORE EMPLOYEES UNION**

**and**

**HEINRICH MOTORS, INC.**

**In the Matter of the Arbitration Between LOCAL 1 OF the UNITED FOOD AND COMMERCIAL WORKERS**

**and**

**HEINRICH MOTORS, INC.**

**Nos. CIV–81–518B(E), CIV–81–548B(E).**

United States District Court, W. D. New York.

Sept. 4, 1981.

Harold Cohen, Rochester, N. Y., for petitioner.

William E. McKnight, Rochester, N. Y., for respondent.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

These actions relate to two separate arbitration awards rendered in favor of Local 435 of the Retail Store Employees Union ("Local 435") and Local 1 of the United Food and Commercial Workers ("Local 1") against Heinrich Motors, Inc. ("Heinrich"). The unions seek to have the awards confirmed and judgments entered thereon. *See*, New York's Civil Practice Law and Rules ("CPLR") § 7510. Both cases were commenced in Monroe County (N.Y.) Supreme Court and were removed to this court by Heinrich. Heinrich has moved to consolidate the cases; Local 435 has moved to remand CIV–81–518 to the state court. I have concluded that CIV–81–518 has been improperly removed to this court, that Local 435's motion to remand must be granted and that Heinrich's motion to consolidate must therefore be denied.

Heinrich is a New York corporation engaged in the business of selling new and used cars and trucks. Under the terms of a collective bargaining agreement between Heinrich and Local 435, Heinrich was to pay a certain percentage of its gross profits on a particular sale as a commission to the salesperson. On June 28, 1979 Local 435 filed a grievance under the collective bargaining agreement claiming that Heinrich was improperly deducting a $25.00 advertising charge from the gross profit on each sale in order to determine the salesperson's commission. The arbitrator found that Heinrich had violated the collective bargaining agreement and awarded the union retroactive relief throughout the time during which Heinrich had been employing the improper practice.

Heinrich subsequently applied to the state court for an order vacating or modifying the award. *See*, CPLR § 7511. Such court denied Heinrich relief and granted a cross-motion by Local 435 to confirm the award. The Appellate Division, Fourth Department, modified the lower court's order with respect to the award of retroactive benefits, noting that the collective bargaining agreement provided that retroactive relief could not extend beyond the date on which the grievance was filed and that the arbitrator had ignored such provision without advancing any justification therefor. The court therefore remitted the matter to the arbitrator for further consideration—*i.e.*, "[for a statement of] his reasons, if any, for exceeding the express contractual limitation on his power."

The arbitrator issued a Supplemental Opinion and Award June 18, 1981 in which

he concluded that the contractual provision limiting retroactive relief was unconscionable. He directed Heinrich to account for all monies which would have been paid in commissions had Heinrich not taken the improper deductions from the date said practice had begun in September, 1977 and Local 435 filed a motion in the state court June 19, 1981 for an order confirming the arbitrator's supplemental award. It is in this posture that the case was removed to this court.

Under 28 U.S.C. § 1441 any action within the original jurisdiction of the federal district courts which is commenced in state court may be removed to federal court by the defendant. A petition for such removal must be filed within thirty days after the defendant receives a copy of the initial pleading. 28 U.S.C. § 1446(b). Heinrich asserts that Local 435's action to confirm the arbitrator's award is within this court's original jurisdiction under section 301 (29 U.S.C. § 185) of the Labor Management Relations Act. Local 435's motion to remand presents the question whether the thirty-day period prescribed by section 1446(b) began to run at the time its motion to confirm was filed, or whether its motion to confirm is part and parcel of the proceeding commenced by Heinrich to vacate or modify the arbitrator's initial award and therefore untimely under section 1446(b).

CPLR § 7502(a) provides that:

"A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action. * * * *All subsequent applications shall be made by motion in the pending action or the special proceeding.*" [Emphasis added.]

The latter provision of section 7502(a) strongly suggests that a motion to confirm an arbitrator's supplemental award, rendered pursuant to a court order in a proceeding to vacate an initial award, is part of said proceeding. This view has significant support in case law.

In *Marchant v. Mead-Morrison Mfg. Co.*, 29 F.2d 40 (2d Cir. 1928), *cert. denied* 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565 (1929), the plaintiff had commenced an action in state court for the appointment of an arbitrator. The state court granted the plaintiff's motion and the plaintiff subsequently received an award from the arbitrator. The plaintiff then moved in state court for an order confirming the award and the defendant filed a petition to remove the case to federal court. The district court denied the plaintiff's motion to remand, but the appellate court reversed. The latter court held that the action to appoint an arbitrator and to confirm the award were part of the same action and stated:

"What transpired from the application to the state Supreme Court, and the entry of an order appointing an arbitrator, to and including the application for confirmation of the award made by the arbitrators, was a suit for the specific performance of the contract. It was all one arbitration proceeding, to settle the controversies which had arisen between the parties. They were not separable controversies." *Marchant v. Mead-Morrison Mfg. Co., supra*, at 43.

The court therefore concluded that the motion to confirm the arbitrator's award had been untimely removed to federal court.

Similarly, *Minkoff v. Budget Dress Corporation*, 180 F.Supp. 818 (S.D.N.Y.1960), was an action to confirm an arbitrator's award under a collective bargaining agreement. The union had filed a grievance and the employer had commenced an action in state court to stay arbitration. The state court denied the stay and an arbitration award was ultimately rendered in favor of the union. When the union moved in state court to confirm the award, the employer filed a petition for removal to federal court. The federal court granted the union's motion to remand on the grounds that the petition was filed untimely. It reasoned that the motion for a stay commenced an action which could have been removed to federal court and that the motion to confirm was part of the same action. *See, also, Lesser Towers, Inc. v. Roscoe-Ajax Construction Co.*, 258 F.Supp. 1005 (S.D.Cal. 1966).

*D.M.C. Const. Corp. v. A. Leo Nash Steel Corp.*, 70 A.D.2d 635, 416 N.Y.S.2d 649 (2d Dep't 1979), appeal dismissed 49 N.Y.2d 1040, 429 N.Y.S.2d 636, 407 N.E.2d 480 (1980), does support the proposition that a motion to confirm an arbitration award is a separate proceeding from previous motions relating to the arbitration. That case involved a dispute between a contractor and a subcontractor over certain work which the latter was to perform in Niagara Falls, N.Y. The contractor had commenced a proceeding in Kings County Supreme Court to stay arbitration and the sub-contractor cross-moved to compel arbitration. The court denied the motion to stay and granted the motion to compel arbitration. After a hearing, the arbitrators rendered an award in favor of the sub-contractor. The subcontractor then commenced a proceeding in Erie County Supreme Court to confirm the award. The contractor moved in Kings County Supreme Court to change the venue of the proceeding to confirm the award from Erie County to Kings County and to vacate the award on the grounds that one of the arbitrators was biased.

The Kings County court granted the contractor's motion to change the venue of the proceeding to confirm the award and consolidated the proceeding to confirm with the proceeding to vacate. The Appellate Division, Second Department, reversed in a decision from which two justices dissented. The majority held that:

> " * * * prior special proceedings to compel or stay arbitration are no longer pending after a judgment is entered directing arbitration and the arbitration has been held pursuant thereto. Since the original proceeding is no longer pending, * * * a new special proceeding to confirm the arbitrator's award may be commenced and the venue of that new proceeding may be selected as if there had been no prior proceedings." *D.M.C. Const. Corp. v. A. Leo Nash Steel Corp., supra*, 416 N.Y.S.2d at 652.

The dissent argued "that the arbitration proceeding which had been commenced in Kings County, was still pending [at the time the proceeding to confirm the award was commenced] and that, pursuant to CPLR 7502 (subd. [a]), [the sub-contractor's] application to confirm the award had to be made in Kings County." *Id.*, at 654.

In this action, I am inclined to adhere to the reasoning of *Marchant, supra*, and *Minkoff, supra*, rather than to that of *D.M.C. Const. Corp., supra*. Decisions by state courts regarding the nature of proceedings are entitled to persuasive but not conclusive effect on the question of removal under 28 U.S.C. § 1441. As the court in *Marchant, supra*, stated:

> "Removal under the federal statutes is a question for the consideration of the federal court. It is not concluded by the view of the state court as to what is a suit within the statutes." *Marchant v. Mead-Morrison Mfg. Co., supra*, at 42.

Moreover, the dissent's argument in *D.M.C. Const. Corp., supra*, that a motion to confirm an award is part of prior proceedings related to the arbitration is well-reasoned, carefully considered and persuasive.

Finally, it should be noted that *Ballantine Books, Inc. v. Capital Distributing Co.*, 302 F.2d 17 (2d Cir. 1962), is not controlling in the present action. Therein the defendant had moved in state court for an order disqualifying one of a panel of arbitrators on the ground of bias while the arbitration hearing was being conducted. The court denied the defendant's motion and the arbitration resulted in an award in favor of the plaintiff. The plaintiff then brought an action in *federal* court to confirm the award and the defendant moved to "remand" the action to state court. The district court denied the motion to remand and confirmed the award and such decision was affirmed by the United States Court of Appeals for the Second Circuit. The court distinguished *Marchant v. Mead-Morrison Mfg. Co., supra*, on the grounds that the plaintiff had commenced the action to confirm the award in federal court, whereas in *Marchant* the action to confirm the award was commenced in state court and then removed to federal court. *Ballantine Books, Inc. v. Capital Distributing Co., supra*, at 19.

Thus, *Ballantine* merely concerned "the power of a federal court to entertain an independent action dealing with the same subject matter as an action already pending before a state court." *Id.* Because the motion to confirm the arbitrator's award in this case was made in state court, *Marchant* rather than *Ballantine* is controlling.

■ Based on the foregoing discussion, I conclude that CIV–81–518 has been improperly removed to this court. The motion to confirm the arbitrator's supplemental award is part of the action begun by Heinrich to vacate the arbitrator's initial award. Because the action to vacate the initial award was commenced more than thirty days prior to Heinrich's petition for removal was filed, the petition is untimely. Therefore, Local 435's motion to remand CIV–81–518 is hereby ORDERED granted. Inasmuch as I am remanding CIV–81–518 to the state court, Heinrich's motion to consolidate CIV–81–518 and CIV–81–548 is hereby ORDERED denied.