FILED:  May 29, 2001

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No.  01-1677**

---

VULCAN  CHEMICAL  TECHNOLOGIES,  INCORPORATED;
VULCAN MATERIALS COMPANY,

                                    Plaintiffs-Appellees,

    versus

PHILLIP J. BARKER, d/b/a Sabra Asia,

                                    Defendant-Appellant.

---

O P I N I O N

---

     This day came Vulcan Chemical Technologies, Inc. and Vulcan Materials Company, the plaintiffs, and Phillip J. Barker, the defendant, for hearing upon a motion to stay pending appeal an order of the district court filed May 24, 2001 which enjoined Barker from "pursuing this matter in any other court in any jurisdiction until this [district] court rules on the petitioner's [Vulcan's] petition to vacate the arbitration award."

     The arbitration award grew out of a distribution agreement dated March 1, 1995 between Rio Linda Chemical Company, Inc. and Phillip J. Barker, granting Barker an exclusive distributorship for Rio Linda for certain of Rio Linda's chemical products in the

nations of Japan, South Korea, the People's Republic of China, and Taiwan. Rio Linda was purchased by Vulcan Materials Company, Inc., which renamed it Vulcan Chemicals Technologies, Inc., and for our purposes, Vulcan Chemicals is a wholly-owned subsidiary of Vulcan Materials.

On April 14, 1999, Barker sued Rio Linda, Vulcan Chemicals, and Vulcan Materials in the Superior Court for the County of Sacramento, California, claiming breach of contract against Vulcan Chemicals and that Vulcan Materials, as the alter-ego of Vulcan Chemicals, was also responsible. Barker was and is a citizen and resident of California, and at that time Vulcan Chemicals' principal place of business was California.

On July 29, 1999, the Vulcan defendants moved the California Superior Court for a stay of the action or its dismissal and for an order compelling arbitration pursuant to the California Arbitration Act. Cal. Code Civ. Pro. § 1280, et seq.

On December 3, 1999, the Superior Court for the County of Sacramento entered its order compelling arbitration of the case and staying the action pending completion of arbitration. This order recited that Barker opposed the participation of Vulcan Materials on the ground that it was not a party to the contract, but was a party to the action only on an alter-ego theory. The order recites, "[S]ince defendant Vulcan Materials agrees to participate

2

in the arbitration and to be bound by the arbitrator's decision, this is a moot point."

Pursuant to that order, extensive arbitration hearings were held, all in California, and I note that the contract between Barker and Rio Linda provides that the arbitration be in Sacramento, California or another mutually acceptable California location and will be final and binding. Arbitration followed, the arbitrator being a retired California Superior Court judge, and I am told by the attorneys there were 26 days of hearings, 22 witnesses, and over 1,000 exhibits, the record of the arbitration having almost 29,000 pages.

On December 22, 2000, an interim award was issued by the arbitrator, and on March 21, 2001, the final award was mailed to the parties by the arbitrator. On April 5, 2001, Barker filed a petition in the Superior Court for the County of Sacramento to confirm the award. Section 1228.4 of the California Code Civil Procedure provides that a period of 10 days must elapse from the service of the award to the filing of the petition, and service of process rules add an additional five days to the waiting period. So April 5, 2001 was the first day that Barker could file his petition to confirm with the California Superior Court. As noted, Barker's petition to confirm the award was filed on April 5, 2001. In the meantime, on March 23, 2001, the Vulcan defendants filed a petition to vacate in the United States District Court for the

3

Western District of Virginia at Big Stone Gap. This petition claimed diversity jurisdiction under 28 U.S.C. § 1332 (1993) and a cause of action under the Federal Arbitration Act, 9 U.S.C. § 10 (1998), to vacate an award.

Also in the meantime, on April 16, 2001, the Vulcan defendants had removed to the United States District Court for the Eastern District of California the petition of Barker to confirm his award. The California district court remanded that matter to the state court by order entered May 10, 2001, and on that same day the Vulcan defendants filed their petition in the Sacramento County Superior Court to vacate the award, a hearing on which, I am told, was set for June 11, 2001, but has since been changed.

I am further told by the attorneys that the California Superior Court, at Vulcan's instance, has continued a hearing on an application of Vulcan to stay the action in the Sacramento Superior Court and has set that matter for 9:00 a.m. Pacific time today, May 29, 2001 (E.D.T.). Hearing on the merits, apparently on the motion to confirm the award and to vacate the award, has been set for tomorrow, May 30, 2001, at 2:00 p.m. Pacific time. At the time of this writing, the parties find themselves in the peculiar position that Barker has been forbidden to attend the California hearings, but the Vulcan defendants are free to attend those hearings, and doubtless they will attend. I am told, and believe, that one reason for this anomaly is the current motion to stay the

4

injunction issued by the district court in the Western District of Virginia.

28 U.S.C. § 2283 provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Thus, the order of the district court complained of should not have been issued pursuant to § 2283 unless, with an exception recognized by that statute, this being an action in personam rather than in rem.

I am of opinion that the very best case the Vulcan defendants can make on appeal is doubtful, for the following reasons:

A number of the cases apply § 2283 under a first-filed rule so that a proceeding which has been commenced in a state court at the time of the federal injunction more nearly receives the protection of the statute than does a state proceeding filed after the federal action.  In the case at hand, Barker sued the Vulcan defendants on April 9, 1999.  It is in that same case that the order to arbitrate, at the instance of the Vulcan defendants, was entered.  And it is in that same case that the current proceedings in the California courts are being adjudicated.  Section 1292.6 of the California Code of Civil Procedure Code provides that after a petition has been filed involving arbitration, the court in which such petition was filed retains jurisdiction to determine any

subsequent petition involving the same controversy and that any subsequent petition must be filed in the same proceeding. Section 1293 of that same Code provides that an agreement made in the State providing for arbitration within the State "shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement." Barker was and is a citizen of California, and at the time the contract was made, Vulcan Chemicals was also a citizen of California. That is shown by the order of the district court referred to, remanding Vulcan's removal of the petition to confirm to the California State courts, so there is no reason to believe that both § 1292.6 and § 1293 should not apply in this proceeding.

Along the same line is the case of Towers v. Roscoe-Ajax, 258 F. Supp. 1005 (S.D. Cal. 1966), holding that the confirmation of an arbitration award is not a separate proceeding under the California Arbitration Act, which is the statute involved here. The case of Brock v. Kaiser Foundation, 13 Cal. Rptr. 2d, 678 (Ct. App. 1992) also holds the jurisdiction of an arbitration court to be continuing.

So far as any first-filed rule or any derivation of it is a ground of decision in this case, I am of opinion that Barker is the beneficiary of that rule. He filed first, and his case yet continues in full force and virtue in the courts of California. In that respect, I note, especially, that the Vulcan defendants, on

6

May 10, 2001, filed a motion, pending at the time of the district court's injunction, and which is yet pending, in the Superior Court of Sacramento County, to vacate the award, the same motion which is pending here.

Our research discloses only one case in a court of appeals on the same facts. It is the case of <u>Diniaco v. Colvin</u>, No. 88-3802 (6th Cir. 1988), which is referred to in 865 F.2d 1269 as an unpublished opinion. That case affirmed the holding of a district court which, on the same facts present here, had dismissed Diniaco's request for an injunction to prevent a State court from reducing an arbitration award to judgment. I think that § 2283 applies and the case of <u>Atlantic Coastline Railway Co. v. Brotherhood of Locomotive Engineers</u>, 398 U.S. 281, 297 (1970), should control this case. Although on different facts, that case recited the rule that "Any doubts as to the propriety of a federal injunction against State court proceedings should be resolved in favor of permitting the State courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much and the fundamental system of a dual system of courts reads inevitably to that conclusion." 398 U.S. at 297.

Despite the fact that the federal district court in the Western District of Virginia may have jurisdiction to vacate the award, as did the Superior Court of Sacramento County, California,

7

it should not have issued its injunction because of 28 U.S.C. § 2283.

I have entered an order today staying the order of the district court appealed from.


_____/s/_____
H. E. Widener, Jr.
United States Circuit Judge
