Jules v. Andre Balazs Properties

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.**

PRESENT:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
>     *Circuit Judges.*

---

ADRIAN JULES,

>     *Plaintiff-Appellant*,

THOMAS A. FARINELLA,

>     *Interested-Party-Appellant*,

     v.

ANDRE BALAZS PROPERTIES, ANDRE TOMES BALAZS, BALAZS INVESTORS LLC, HOTELS A.B., LLC,

>     *Defendants-Appellees*,

CHATEAU HOLDINGS, LTD.,

>     *Intervenor*.*

23-1253(L),
23-1283(Con)

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:                          Adrian Jules, *pro se*, Los
                                                  Angeles, California.


FOR INTERESTED-PARTY-APPELLANT:                   Thomas A. Farinella, *pro se*,
                                                  New York, New York.


FOR DEFENDANTS-APPELLEES AND
INTERVENOR:                                       Alekzandir Morton, Pillsbury
                                                  Winthrop Shaw Pittman LLP,
                                                  San Francisco, California;
                                                  Kenneth W. Taber, Pillsbury
                                                  Winthrop Shaw Pittman LLP,
                                                  New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Adrian Jules and Interested-Party-Appellant Attorney Thomas A. Farinella, both proceeding *pro se*, appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *District Judge*) confirming an arbitration award entered against them. Jules, represented by Farinella, sued Defendants-Appellees, asserting various employment discrimination and other claims under state and federal law. Pursuant to an arbitration agreement between Jules and Intervenor Chateau Holdings, Ltd. ("Chateau"), the district court stayed the proceedings pending arbitration (between Jules and Chateau) and granted Defendants-Appellees' motion—in which Chateau purported to join despite not being a party to the action—to confirm the resulting award.

Collectively, Jules and Farinella challenge two orders of the district court. The first order

2

denied Jules's motion to lift the stay due to Chateau's alleged material breach of the agreement during arbitration.   The second order confirmed the arbitration award.[1]   We assume the parties' familiarity with the case.

As to the first challenged order, we review *de novo* a district court's conclusion that the parties intended an issue to be decided by an arbitrator, rather than a court.   *See Wells Fargo Advisors v. Sappington*, 884 F.3d 392, 395 (2d Cir. 2018).   Jules argues that the district court, not the arbitrator, was the proper authority to decide whether Chateau materially breached the arbitration agreement by allegedly failing to timely pay an arbitration fee.   *See* Cal. Civ. Proc. Code. § 1281.98(a)(1).

The Supreme Court has held that questions of arbitrability are "for judicial determination unless the parties clearly and unmistakably provide otherwise."   *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002).[2]   On the other hand, procedural questions that "grow out of the dispute and bear on its final disposition" are "presumptively" for the arbitrator to decide. *Id.* at 84.   It is well established that parties may delegate "gateway issue[s]"—including questions of "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy"—to the arbitrator.   *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010).

Here, we need not decide which category the material breach issue falls under because, in any event, there exists "clear and unmistakable evidence that the parties" delegated this issue to

---

[1] Although Jules challenges the district court's order staying the proceedings pending arbitration, we decline to consider those arguments because they were raised for the first time in his reply brief. *See, e.g.*, *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider an argument raised for the first time in a *pro se* litigant's reply brief).

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

the arbitrator. *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 394 (2d Cir. 2011). The arbitration agreement stated that "any dispute arising out of this Agreement will be determined by the arbitrator." Record on Appeal, No. 19-1 at 3. Like the district court, we agree that an employee's assent to such a broad arbitration clause required Jules "to submit [his] employment discrimination claims to arbitration." *Gold v. Deutsche Atkiengesellschaft*, 365 F.3d 144, 146 (2d Cir. 2004). Further, the agreement expressly incorporated Judicial Arbitration and Mediation Services ("JAMS") rules, which provided that the arbitrator would decide jurisdictional and arbitrability disputes. This constitutes further evidence of delegation. *Cf. Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 117 (2d Cir. 2025) ("When parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to the arbitrator."). The district court therefore correctly left this issue for the arbitrator to determine.

Turning to the order confirming the arbitration award, Jules first challenges the district court's subject matter jurisdiction under *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). A district court's legal conclusion as to its subject matter jurisdiction is reviewed *de novo*. *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206 (2d Cir. 2024).

The Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 1 *et seq.*, does not itself confer subject matter jurisdiction. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Accordingly, when faced with a petition to compel arbitration under Section 4 of the FAA, a district court may "look through" the petition to determine whether it would have subject matter jurisdiction over the underlying controversy. *Vaden v. Discover Bank*, 556 U.S. 49, 53 (2009).

4

If it would, the court has subject matter jurisdiction to adjudicate the Section 4 petition. *Id.*

For over a decade following *Vaden*, this Court and other Circuits applied the look-through approach to petitions to confirm or vacate an award under FAA Sections 9 and 10. *Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 594 (2d Cir. 2024) (collecting cases). But in *Badgerow*, the Supreme Court held that, when presented with an application to confirm or vacate an arbitral award under FAA Sections 9 and 10, a court assessing its subject matter jurisdiction must look to the face of the application alone, not the underlying substantive controversy, as it would when applying the look-through approach. *See Badgerow*, 596 U.S. at 4–5. Here, the application does not itself reveal a basis for diversity or subject matter jurisdiction.

*Badgerow*, however, involved an action commenced (in state court and then removed to federal court) for the sole purpose of vacating an arbitral award, unlike the present action, which started as a federal question suit before it was stayed pending arbitration. 596 U.S. at 5–6. And the Supreme Court has held that a "court with the power to stay the action under § 3 [of the FAA] has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000); *see also Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–76 (1932). This Court has held the same. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985) ("[A] court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award." (citing *Marchant v. Mead-Morrison Mfg. Co.*, 29 F.2d 40, 43 (2d Cir. 1928))).

We have not considered whether *Smiga* and *Marchant* remain good law after *Badgerow*, and our sister Circuits have split on the issue. *Compare SmartSky Networks, LLC v. DAG Wireless, Ltd.*, 93 F.4th 175, 177–78, 183–84 (4th Cir. 2024), *with Kinsella v. Baker Hughes Oilfields Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023); *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 238 n.16 (3d Cir. 2024). However, absent an express overruling or abrogation, we will not reconsider a prior panel's binding decision unless it is "entirely undermine[d]" by an intervening decision of the *en banc* Court or the Supreme Court. *See Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 274 (2d Cir. 2005). Because *Badgerow* considered neither the reasoning in *Smiga* and *Marchant*, nor other Supreme Court decisions articulating similar principles, we cannot conclude that it "entirely undermine[d]" those decisions. *See id.* We therefore consider ourselves bound to apply them and conclude that the district court retained jurisdiction following its stay pending arbitration to confirm the resulting award.

Next, Jules and Farinella protest the district court's allowing Appellees to move to confirm the award when they were not parties to the arbitration agreement, as well as its allowing Chateau to so move when it was not a party to the lawsuit. Like other issues of law, we review these aspects of the district court's decision *de novo*. *See, e.g.*, *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006).

Given the procedural irregularity of a non-party to the action filing a motion to confirm, we think that the "proper procedure would have been for the district court to construe [Chateau's joining in the confirmation motion] as a motion to intervene under Federal Rule of Civil Procedure 24," which "provides the mechanism by which non-parties who believe they have a valid and

6

sufficient interest in a litigation" to assert their rights. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382 (2d Cir. 2006). Nevertheless, given the FAA's unambiguous text that "*any party to the arbitration* may apply to the court" for confirmation, *see* 9 U.S.C. § 9, we conclude that Chateau's joining in the motion was permissible, as it was a party to the arbitration. *See MasterCard*, 471 F.3d at 382 ("The proper procedure would have been for the district court to construe [the Non-Party Appellant's] letter submissions as a motion to intervene under Federal Rule of Civil Procedure 24.").

We hasten to note, however, that we reach this conclusion based only on the unique factual circumstances of this case, and, as a general matter, non-parties seeking to assert their rights in a lawsuit must use Rule 24. *See MasterCard*, 471 F.3d at 382. While the Court has, in limited factual circumstances, allowed non-parties to an arbitration to confirm an award, *see Ass'n of Contracting Plumbers of City of N.Y. Inc. v. Loc. Union No. 2 United Ass'n of Journeymen*, 841 F.2d 461, 466–67 (2d Cir. 1988), we decline to consider whether to expand those circumstances here because the issue of the award's confirmation was properly before the court on Chateau's motion. *Cf. MasterCard*, 471 F.3d at 382–83.

Finally, for substantially the reasons stated in its September 12, 2023, opinion and order confirming the award—which we review *de novo* as to legal conclusions and for clear error as to factual findings, *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 158 (2d Cir. 2021)—we agree with the district court that there was no reason to vacate the award under Section 10 of the FAA or either of the non-statutory bases for vacatur. In short, Jules and Farinella failed to meet their "heavy burden" of demonstrating that the award fell within the "very

7

narrow set of circumstances delineated by statute and case law." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023). The district court therefore properly confirmed the award.

We have considered Jules's and Farinella's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8