■ GLOVER BOTTLED GAS CORP., Appellant, v LOCAL 282, IBT, et al., Respondents.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated February 1, 1984, which, after a hearing and determination that the arbitrator did not engage in misconduct, denied the appellant's motion to vacate the award and granted the respondents' cross motion to confirm said award.

Judgment affirmed, with costs.

The respondent James Brown was dismissed from his position as a truck driver-deliverer with the petitioner Glover Bottled Gas Corp. (hereinafter Glover), allegedly as a result of his poor work performance. Pursuant to a collective bargaining agreement, the matter proceeded to arbitration on the

issue of whether Brown was wrongfully discharged. On October 5, 1981, the arbitrator concluded that Glover failed to show just cause for its discharge of Brown and ordered that Brown be reinstated to his position. Following various motions not relevant to this appeal, Special Term, without a hearing, granted the respondents' cross motion to confirm the arbitration award and rejected the petitioner's motion to vacate the award on the ground of misconduct of the arbitrator in failing to admit and consider material evidence relevant to the petitioner's position. By order dated September 27, 1982, this court reversed that judgment and remitted the matter to Special Term for the purpose of holding a hearing on the issue of the arbitrator's alleged misconduct, and a new determination *(Glover Bottled Gas Corp. v Local 282, IBT,* 89 AD2d 1007). Special Term conducted the hearing and concluded that there was insufficient evidence of the arbitrator's misconduct and as such, rendered judgment in favor of the respondents confirming the award. The petitioner appeals from this judgment.

After reviewing the record, we agree with Special Term that the petitioner failed to meet its burden of establishing misconduct on the part of the arbitrator. We further find no merit to the petitioner's various claims of erroneous evidentiary rulings by Special Term. As the court is limited in its powers of review, we may only consider the issue of whether there was misconduct by the arbitrator and may not review the arbitrator's findings of fact or law. Therefore, we must affirm the judgment of Special Term based upon the insufficiency of evidence before it of any misconduct on the part of the arbitrator *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Lewis v County of Suffolk,* 70 AD2d 107). Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.