Keith A. SCHOOLEY, Plaintiff,

v.

MERRILL LYNCH, PIERCE FENNER & SMITH, INC., Defendant.

No. CIV–94–1357–A.

United States District Court, W.D. Oklahoma.

Sept. 28, 1994.

■■■■■■■

Richard J. Gore, Arthur W. Schmidt, Mahaffey & Gore, Oklahoma City, OK, for plaintiff.

Rodney J. Heggy, Bruce W. Day, Day Edwards Federman Propester & Christensen, Oklahoma City, OK, for Merrill Lynch, Pierce Fenner & Smith, Inc.

## ORDER

ALLEY, District Judge.

This matter comes before the Court on defendant's Motion to Compel Arbitration. Plaintiff Keith Schooley filed an action in state court arising out of his termination by the defendant, Merrill Lynch, Pierce Fenner & Smith, Inc. ("Merrill Lynch"). On August 18, 1994, the case was removed to this Court. Merrill Lynch seeks an order compelling arbitration of plaintiff's action under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("the Act").

Keith Schooley was employed by Merrill Lynch from July 1, 1991, until October 18, 1992, in Enid, Oklahoma. The disputed circumstances of Mr. Schooley's termination form the basis for his cause of action. The details, however, are not pertinent to the resolution of the matter currently before Court. Mr. Schooley has filed claims for tortious breach of contract, constructive discharge, misrepresentation, the negligent and intentional infliction of emotional distress, invasion of privacy and fraudulent contractual interference. Plaintiff also seeks a declaratory judgment establishing his right to a jury trial in this matter.

In July, 1991, when plaintiff commenced his employment with Merrill Lynch, both parties signed a Uniform Application for Securities Industry Registration or Transfer ("U-4 form"). The U-4 form registered plaintiff with the American Stock Exchange ("ASE"), the National Association of Securities Dealers ("NASD"), and the New York Stock Exchange ("NYSE"). The U-4 form contained an arbitration clause and various other provisions concerning registration as an investment advisor.[1] In addition to the U-4 form, Mr. Schooley and Merrill Lynch entered into a Financial Consultant Trainee Agreement. This employment agreement was to be governed by the laws of Oklahoma.[2] During plaintiff's tenure at Merrill Lynch, he submitted two additional U-4 forms. Each subsequent U-4 form contained an arbitration provision and plaintiff indicated registration with the same exchanges. Defendant Merrill Lynch asserts that the provision in the U-4 forms combined with the Rules of the NYSE and NASD places this action under the guidelines of the Federal Arbitration Act. Plaintiff challenges arbitration asserting that Oklahoma law prohibits arbitration of this matter and that the parties' agreement specifically called for application of Oklahoma law.

9 U.S.C. § 2 provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable." Defendant asserts that the U-4 form submitted by the plaintiff is a contract evidencing an agreement to arbitrate. Plaintiff asserts that the trainee agreement signed by the parties controls this dispute and that the trainee agreement contained no arbitration clause. Plaintiff additionally contends that the Oklahoma Consti-

---

1. The U-4 form included the following provision:

 I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgement in any court of competent jurisdiction.
 Item 10 indicated plaintiff's registration with ASE, NASD and the NYSE.

2. The trainee agreement provided that "[t]his agreement shall be construed, and the validity, performance and enforcement thereof shall be governed by the laws of the State of Oklahoma." Trainee Agreement at 2.

tution prevents enforcement of any arbitration clause.[3]

 Before determining whether the U–4 form or the trainee agreement is controlling, the question of whether Oklahoma law prohibits arbitration must be considered. "Federal law governs the construction and scope of agreements to arbitrate contracts or transactions within the coverage of the [Federal Arbitration] Act; [Oklahoma] law determines whether the arbitration clause is part of the contract." *Chan v. Drexel Burnham Lambert, Inc.*, 178 Cal.App.3d 632, 223 Cal. Rptr. 838 (1986). If a contract has an arbitration clause that is covered by the Act, the Act controls. "The Federal Arbitration Act is the law of [Oklahoma] with respect to any contract evidencing a transaction involving commerce." *Mamlin v. Susan Thomas, Inc.*, 490 S.W.2d 634 (Tex.Civ.App.1973) (quoting 9 U.S.C. § 2). "While the [Act] does not contain an express preemptive provision it has been held to preempt state laws that preclude parties from submitting matters to arbitration." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 812 F.Supp. 845 (N.D.Ill.1993), *aff'd*, 20 F.3d 713 (7th Cir. 1994) (citing *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)).[4] In *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), the Supreme Court held that a state law that "undercut[s] the enforceability of arbitration agreements.... violates the Supremacy Clause." *Id.* at 16, 104 S.Ct. at 861. Plaintiff's contention that this Court's diversity jurisdiction mandates the application of the Oklahoma law so as to preclude arbitration is unfounded. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404–05, 87 S.Ct. 1801, 1805–07, 18 L.Ed.2d 1270 (1967). If the Act applies, whether arbitration may be compelled is solely a question of federal law, regardless of whether the forum is federal or state court.

*See Chan v. Drexel,* 178 Cal.App.3d 632, 223 Cal.Rptr. 838 (1986) (state court application of the Act); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (Supreme Court mandated application of the Act by state court); *Adams v. Merrill Lynch Pierce Fenner & Smith,* 888 F.2d 696 (10th Cir.1989) (federal court application of the Act to pendent state law claims). The reason is that, although Oklahoma law applies, Oklahoma law must be cognizant of the Supremacy Clause through which the Act is preemptive. The Supremacy Clause of the United States Constitution is as much a part of Oklahoma law as a provision of the Oklahoma Constitution.

 The applicability of federal law determined, the question arises whether an arbitration clause existed within a contract evidencing commerce, thereby invoking the Act. Plaintiff asserts that the employment contract, not the U–4 form, is the proper focus of this dispute. Plaintiff's assertion lacks merit. The trainee agreement entered into by the parties did not preclude the use of the terms contained in the U–4 forms in defining the parties' obligations. Additionally, U–4 forms have consistently been held to require arbitration of claims by employees against former employers. *McGinnis v. E.F. Hutton & Co., Inc.*, 812 F.2d 1011, 1013 (6th Cir.), *cert. denied*, 484 U.S. 824, 108 S.Ct. 87, 98 L.Ed.2d 49 (1987); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 704 (2d Cir. 1985), *cert. denied*, 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986). The U–4 form expressly contemplated the arbitration of certain claims between Schooley and Merrill Lynch. Plaintiff presents no compelling argument for excluding the U–4 form in determining his obligations to Merrill Lynch. Not all claims by employees, however, are subject to arbitration. The final question is whether plaintiff's claims fall under the rules, constitutions or by-laws of the ASE, NASD, or the NYSE.

---

3. Article 2 Section 19 of the Oklahoma Constitution guarantees the right a jury trial. Article 23 Section 8 provides that "[a]ny provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void."

4. In the period since the Court issued this Order, the Supreme Court granted certiorari in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, — U.S. ——, 115 S.Ct. 305, 130 L.Ed.2d 218 (1994).

This Court need only find that one of the above exchanges requires arbitration of this dispute to compel plaintiff to arbitrate. Rule 347 of the New York Stock Exchange (NYSE) provides in pertinent part:

> Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party in accordance with the arbitration procedure prescribed elsewhere in these rules.

There is no argument that Schooley was not a registered representative or that Merrill Lynch was not a member organization. Plaintiff's claims arise out of his termination by Merrill Lynch. Rule 347 calls for arbitration of controversies arising out of employment or termination. By signing the U-4 forms Keith Schooley agreed to abide by Rule 347 in handling particular disputes. The applicable provisions of Rule 347 specify arbitration of plaintiff's claims in this action. Because the Court finds that the rules of the NYSE require arbitration of plaintiff's claims, the application of ASE and NASD rules need not be addressed.

Plaintiff's argument that the Act does not apply to the trainee agreement because it is an employment contract is misguided. The U-4 form, not the trainee agreement, is the applicable contract here. The U-4 form is not an employment agreement; it is "a contract with the securities exchanges." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991). That Merrill Lynch was not a party to the U-4 contract is irrelevant. Plaintiff's signature on the U-4 form indicated his acceptance of the terms, including the unambiguous arbitration provision. Plaintiff cannot argue that he did not intend to divest himself of the right to a jury trial by signing the U-4 forms. Each U-4 form signed by Schooley contained the same language requiring the arbitration of certain claims; each signature by the plaintiff indicated assent. One who signs a contract is presumed to have read and understood the terms. *Allis Chalmers Mfg. Co. v. Byers*, 184 Okla. 475, 88 P.2d 368 (1939). Plaintiff's claim that he did not intend to be bound by the arbitration clause is without merit.

Plaintiff filed this action and challenges defendant's motion to compel. There is no question that Schooley refuses to arbitrate his claim. Under 9 U.S.C. § 4, when the Court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration." This Court finds no triable issues in this controversy and plaintiff refused to arbitrate; therefore, the mandate of § 4 applies, and defendant's motion to compel must be GRANTED.

It is so ordered.