**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUSSELL G. JOHNSON;
JUDITH A. JOHNSON,

       Plaintiffs-Appellants,

v.

LYNN HICKEY DODGE INC.,
a foreign corporation,

       Defendant-Appellee.

No. 97-6410
(D.C. No. 96-CV-2054)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs in this case, Russell and Judith Johnson, purchased a used automobile from defendant in October 1995. In December 1996, plaintiffs filed suit against defendant alleging fraud and misrepresentation in violation of the Truth in Mileage Act, 49 U.S.C. §§ 32701-32711. Plaintiffs claimed that defendant's false representations as to the automobile's mileage constituted deceptive and unfair trade practices in violation of the Act. Defendant moved to stay the court proceedings and compel arbitration pursuant to an arbitration clause in the parties' purchase agreement.

The dispute resolution clause in the agreement provided that any dispute between the parties arising out of the sale of the vehicle "shall be submitted to binding arbitration in accordance with the arbitration rules of the American Arbitration Association pursuant to the Federal Arbitration Act, Title 9, U.S.C. § 1 et seq. and/or the Oklahoma Uniform Arbitration Act, Title 15 O.S. § 801, et seq." Appellants' App. at 19. Plaintiffs opposed mandatory arbitration contending that because there was a genuine issue as to the validity of the arbitration agreement, they were entitled to a jury trial on the issue of whether the parties had a valid agreement to arbitrate. The district court granted defendant's motion, stayed the judicial proceedings, and ordered the parties into arbitration.

The arbitrator returned an award of $3,500.00 including attorney fees in favor of plaintiffs. Plaintiffs moved the district court to confirm the award,

reserving their right to appeal the court's order compelling arbitration. Plaintiffs are before this court appealing the district court's order compelling arbitration and the district court's order confirming the arbitration award. We have jurisdiction pursuant to 9 U.S.C. § 16, and review the district court's order compelling arbitration de novo, _see_ Armijo v. Prudential Ins. Co., 72 F.3d 793, 796 (10th Cir. 1995). "We also review de novo a district court's decision to deny a jury trial on the factual question of whether the parties agreed to arbitrate." Avedon Eng'g, Inc. v Seatex, 126 F.3d 1279, 1283 (10th Cir. 1997).

On appeal, plaintiffs assert that the district court erred in compelling Judith Johnson to arbitrate because she was not a signatory on the sales contract containing the arbitration clause. Relying on Thomson-CSF, S.A. v. American Arbitration Association, 64 F.3d 773 (2d Cir. 1995), plaintiffs posit lengthy arguments in support of their assertion. None of these arguments, however, were presented to the district court. The only mention of this issue in plaintiffs' response to defendant's motion for stay and to compel arbitration, is plaintiffs' cursory statement that:

> Furthermore, Plaintiff Judith Johnson *did not sign any agreement to arbitrate*. As such, she cannot be forced into arbitration of her claims against Defendant, even if Defendant is able to show a valid agreement existed between Defendant and Plaintiff Russell Johnson. *See Voss v. Oklahoma City*, 618 P.2d 925, 928 (Okla. 1980).

Appellants' App. at 26. This single paragraph presented to the district court became a nine-page argument replete with supporting case law in plaintiffs' appellate brief. We have held that "[p]ropounding new arguments on appeal in an attempt to prompt us to reverse the trial court undermines important judicial values." Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1233 (10th Cir. 1997). "Thus, an issue must be presented to, considered [and] decided by the trial court before it can be raised on appeal." Id. (further quotations omitted).

Moreover, as defendant pointed out in its reply to plaintiffs' response, see Appellants' App. at 74, and, as we have independently confirmed, plaintiffs misrepresented the Oklahoma Supreme Court's decision in Voss. There is no language on page 928, or anywhere else in the Voss opinion, which supports plaintiffs' contention that Judith could not be held to the agreement to arbitrate. Consequently, because this issue was raised but not adequately argued to the district court, see Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan, 11 F.3d 1567, 1571 (10th Cir. 1993), we will not consider plaintiffs' argument on appeal.

Next, plaintiffs assert that, pursuant to 9 U.S.C. § 4, Russell Johnson should have been afforded a jury trial on the issue of whether a valid arbitration agreement existed. Plaintiffs argue that Russell was fraudulently induced to enter

into the arbitration agreement. See Appellants' Br. at 21. Plaintiffs allege fraud because prior to signing the purchase agreement Russell did not receive any definition or explanation of arbitration, and because he was induced to sign the agreement without reading it.

State contract law principles generally govern whether parties have agreed to arbitrate. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). The district court, relying on Schooley v. Merrill Lynch, Pierce Fenner & Smith, Inc., 867 F. Supp. 989, 992 (W.D. Okla. 1994), aff'd 107 F.3d 21 (10th Cir. 1997) (table), held that the party who signs a contract is presumed to have read the contract and understands the terms. The court further stated that when a party signs a contract containing an unambiguous arbitration provision, that party has assented to arbitration and cannot later argue that he did not intend to do so. See id. We agree.

"A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. "The existence of an agreement to arbitrate 'is simply a matter of contract between the parties; [arbitration] is a way to resolve those disputes–but only those disputes–that the parties have agreed to submit to arbitration.'" Avedon Eng'g, Inc., 126 F.3d at 1283 (quoting First Options of Chicago, Inc., 514 U.S.

at 943).  When parties dispute the existence of an arbitration agreement, a jury trial on that issue is warranted unless there are no genuine issues of material fact as to the existence of the agreement.  See id.

Here, Russell's signature on the purchase contract indicated his acceptance of the terms of the contract, including the unambiguous arbitration provision. The arbitration clause was not buried in the additional terms of the contract, but appeared as a separate paragraph on the face of the contract that required separate signature.  See Appellants' App. at 19.  Russell's signature on the dispute resolution paragraph raises the presumption that he read and understood the terms.  See Schooley , 867 F. Supp. at 992.  We conclude that Russell's claims that the arbitration clause was not explained to him and that he did not intend to be bound by the arbitration clause are without merit.  Therefore, there is no genuine issue of material fact regarding the parties' agreement to arbitrate, and a jury trial on the issue was not warranted.  See Avedon Eng'g, Inc.  , 126 F.3d at 1283.

Finally, plaintiffs assert that the arbitration award should be vacated because it manifestly disregards applicable law and is contrary to public policy. As defendant contends in its answer brief, plaintiffs did not move the district court to vacate the award or place any of their objections to the award before that

court. Instead, plaintiffs moved the district court to confirm the award, reserving the right to appeal only the court's order compelling arbitration.

In reply, plaintiffs argue that because certain courts have held orders confirming arbitration awards to be final appealable orders, the district court's order in this case is final and appealable. See Appellants' Reply Br. at 3-4 (citing Hewlett-Packard Co. v. Berg, 61 F.3d 101, 104 (1st Cir. 1995); Synergy Gas Co. v. Sasso, 853 F.2d 59, 62 (2d Cir. 1988)). We agree with plaintiffs that the district court's confirmation order in this case is final and appealable. That, however, is not the issue or the focus of our concern.

The district court will set aside an arbitration award "'only in very unusual circumstances' such as fraud, corruption, or a decision in manifest disregard of the law." Kelley v. Michaels, 59 F.3d 1050, 1053 (10th Cir. 1995) (quoting First Options of Chicago, Inc., 514 U.S. at 942). Here, plaintiffs had the opportunity to argue their objections to the district court in a motion to vacate the arbitration award. Instead they chose to move for confirmation and appeal only the court's order compelling arbitration. Therefore, because it is a general rule that this court will not consider an issue on appeal that was not raised in the district court, "except for the most manifest error," see Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995) (further quotations omitted), plaintiffs' claims of

error in the arbitration award are not properly before this court and will not be considered.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge