SUMMARY ORDER
In this action, the Trustees of the New York State Nurses Association Pension Plan (the “Trustees”) seek to force the Cabrini Medical Center (“Cabrini”) to make contributions to the New York State Nurses Association (“NYSNA”) Pension Plan. Until March 2008, Cabrini was a Manhattan hospital that employed nurses who were members of NYSNA. Cabrini *530 and NYSNA were parties to a collective bargaining agreement (the “CBA”) that expired in January 2008. Under the CBA, Cabrini was obligated to make monthly contributions to the NYSNA Pension Plan, which was administered by the Trustees pursuant to an “Agreement and Declaration of Trust Establishing The [NYSNA] Pension Plan” (the “Trust Agreement”). Notwithstanding the fact that the NYSNA nurses continued to work at Cabrini until the hospital closed its doors on March 17, 2008, Cabrini ceased making contributions to the NYSNA Pension Plan in January 2008.
On June 17, 2008, an arbitrator issued an award in favor of the Trustees (the “Award”), which directed Cabrini to make certain payments to the NYSNA Pension Plan. In the proceedings below, the Trustees moved to confirm the Award, and Cabrini cross-moved to vacate it. On January 30, 2009, the United States District Court for the Southern District of New York (Berman, J.) granted the Trustees’ motion to confirm the Award and denied Cabrini’s cross-motion for vacatur. Cabrini appeals that decision. We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
When examining a district court’s confirmation of an arbitral award, we review its factual findings for clear error and its legal conclusions de novo. See 187 Concourse Assocs. v. Fishman, 399 F.3d 524, 526 (2d Cir.2005) (per curiam). In doing so, “[w]e accord a high degree of deference to an arbitrator’s decision.” Id. “[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.” United Paperworkers Int’l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). “If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated.” Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.1960).
The resolution of a motion to confirm an arbitral award typically involves a two-part inquiry. First, the court must ask whether the arbitrator acted within the scope of his or her authority in issuing the award. Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir.1992). Second, the court must ascertain whether the award “draws its essence” from the agreement in question. Id. In this case, the district court answered both of these questions in the affirmative. We agree with its ultimate conclusions.
“The scope of an arbitrator’s authority ... ‘generally depends on the intention of the parties to an arbitration, and is determined by the agreement or submission.’” ReliaStar Life Ins. Co. of N.Y. v. EMC Nat’l Life Co., 564 F.3d 81, 85 (2d Cir.2009) (quoting Synergy Gas Co. v. Sasso, 853 F.2d 59, 63-64 (2d Cir.1988)). Here, the Trustees’ original “submission” to the arbitrator — their March 10, 2008 “Demand for Arbitration” — included as an “Attachment” a copy of the Trust Agreement’s arbitration clause. Cabrini was presumably well aware of the substance of this clause, as it had already “agree[d] to be bound” by the Trust Agreement in a separate “Acknowledgment” form. The “agreement” defining the boundaries of the arbitrator’s authority was therefore the Trust Agreement, as amended. The Trust Agreement, in turn, authorized the Trustees to “compel and enforce [Cabrini’s] payment of contributions” to the NYSNA Pension Plan through arbitration, and it stated that an arbitrator’s decision regarding any such dispute “shall be final and binding.”
*531 In light of the language in the Demand and the Trust Agreement, the arbitrator did not exceed her authority by issuing the Award. Moreover, because the arbitrator’s authority was a function of the parties’ agreements, Cabrini’s reliance on Laborers Health & Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., 484 U.S. 539, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988), is misplaced. The Advanced Lightweight Court merely held that sections 502(g)(2) and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(g)(2), 1145, do not provide a jurisdictional basis for a federal court to review allegedly unfair labor practices that would otherwise fall under the jurisdiction of the National Labor Relations Board. Advanced Lightweight, 484 U.S. at 547-M9, 108 S.Ct. 830. Advanced Lightweight does not divest an arbitrator of authority to resolve a dispute over the meaning of a private contract that contains an arbitration clause. Therefore, the district court did not err in concluding that the arbitrator acted within the scope of her authority.
The district court also properly rejected Cabrini’s argument that the arbitrator incorrectly interpreted the terms of the Trust Agreement. Under the “essence of the agreement” doctrine, a court may “not reverse an arbitral award that draws its essence from the agreement, even if it contains factual errors or erroneous interpretations of contract provisions.” First Nat’l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338, 118 F.3d 892, 896 (2d Cir.1997). Where, as here, “the parties agreed to submit an issue for arbitration, we will uphold a challenged award as long as the arbitrator offers ‘a barely colorable justification for the outcome reached.’ ” ReliaStar Life Ins., 564 F.3d at 86 (quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 260 (2d Cir.2003)). Moreover, “[ejven where an arbitrator’s explanation for an award is deficient, we must confirm it if a justifiable ground for the decision can be inferred from the record.” Stolt-Nielsen SA v. AnimalFeeds Int’l Corp., 548 F.3d 85, 97 (2d Cir.2008).
The arbitrator’s decision reflects that she was relying on the Trust Agreement, and she specifically ruled that Cabrini “had an obligation under the Trust Agreement to make contributions for the period that employees were employed at the Hospital.” (Award at 6 (emphasis added).) Reviewing this conclusion deferentially, as we must, we hold that Cabrini has failed to establish that the Award is so untethered from the Trust Agreement that it must be vacated.
The “First Amendment” to the Trust Agreement referenced a “Policy for Continuation of Benefits on Expiration of a Collective Bargaining Agreement” (the “Continuation Policy”). The Continuation Policy described circumstances under which Cabrini’s obligations to contribute to the NYSNA Pension Plan would continue after the expiration of the CBA. For example, paragraph D(l) of the Continuation Policy stated that, in the event that the CBA expired and Cabrini “ha[d] not executed a new agreement,” its employees were entitled to written notice that “their covered employment will terminate on the 90th day following the expiration ” of the CBA. (Continuation Policy ¶ D(l) (emphasis added).)
Cabrini argues that the terms of the Continuation Policy did not require payments after expiration of the CBA. The arbitrator’s award indicates that she interpreted the interaction of the Trust Agreement, the CBA, and the Continuation Policy differently. Cabrini’s disagreement with this conclusion does not provide a basis for relief under the “essence of the *532 agreement” doctrine. See United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (“[S]o far as the arbitrator’s decision concerns construction of the contract, the courts have no business overruling [her] because their interpretation of the contract is different from [hers].”). Consequently, we find no error in the district court’s conclusion that the Award was derived from the essence of the Trust Agreement.
Finally, Cabrini argues that the Award is unenforceable because the arbitrator’s interpretation of the Trust Agreement would require it to violate section 302(a) of the Labor Management Relations Act (“LMRA”). In Cabrini’s view, the arbitrator could not rely on any portion of the CBA in making her decision because it had expired in January 2008. Thus, Cabrini argues, because the details of its contribution obligations are specified in the CBA rather than the Trust Agreement, the payments called for by the Award lack a sufficiently “detailed basis [upon] which such payments are to be made.” 29 U.S.C. § 186(c)(5)(B). According to Cabrini, the Award must be vacated as void because the contributions that it calls for would be illegal under section 302(a) of the LMRA.
The district court held that Cabrini waived this argument. Indeed, there is no indication in the record that Cabrini raised this contention until its June 27, 2008 letter seeking “clarification” of the Award. Nevertheless, Cabrini argues that its contention is not waivable because courts may not enforce contracts that contravene public policy. Cf. Saint Mary Home, Inc. v. Serv. Employees Int’l Union, Dist. 1199, 116 F.3d 41, 45 (2d Cir.1997) (“The question of whether an arbitral award violates public policy is one for the courts.”). We need not address this issue, however, because Cabrini’s argument is incorrect on the merits. Without providing any authority for its position, Cabrini assumes that, because the CBA had expired, it could not serve as the source of the “detailed basis,” 29 U.S.C. § 186(c)(5)(B), for the contributions called for by the Award. Simply put, this is not the law. See Cibao Meat Prods., Inc. v. N.L.R.B., 547 F.3d 336, 341 (2d Cir.2008) (“[A]n expired collective-bargaining agreement satisfies the written-agreement requirement of § 302(c)(5)(B).”). Thus, we reject the substance of Cabrini’s illegality argument: the terms of the Award do not require Cabrini to violate the LMRA.
We have reviewed Cabrini’s remaining arguments and find them to be without merit. Accordingly, the January 30, 2009 order of the district court is hereby AFFIRMED.