14-4599-cv
*Landmark Ventures, Inc. v. InSightec, Ltd.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
                     *Circuit Judges,*
           STEFAN R. UNDERHILL,
                     *District Judge.*[*]

---

LANDMARK VENTURES, INC.,

       *Plaintiff-Appellant,*                14-4599-cv

       v.

INSIGHTEC, LTD.,

       *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | WILLIAM B. FLYNN, McCabe & Flynn LLP, Rockville Centre, NY. |
| **FOR DEFENDANT-APPELLEE:** | ELI SCHULMAN, Schulman & Charish LLP, New York, NY. |

---

[*] The Honorable Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Landmark Ventures, Inc. ("Landmark") appeals from the District Court's November 26, 2014 judgment denying Landmark's petition to vacate an arbitration award and granting defendant-appellee InSightec, Ltd.'s ("InSightec") cross-petition to confirm the award.

InSightec is an Israeli corporation that develops medical devices; Landmark, a New York corporation that provides financial services. By a contract dated July 28, 2011, InSightec engaged Landmark to pursue investment and partnership opportunities on InSightec's behalf. The parties agreed that any dispute arising in connection with the contract would be governed by New York law and settled by one arbitrator under the Rules of Arbitration of the International Chamber of Commerce ("ICC").

Such a dispute arose the following year, when InSightec entered an investment agreement without paying a $450,000 fee Landmark believed it was owed under the contract. Landmark initiated arbitration in July 2012. Following discovery, submission of written arguments, and an evidentiary hearing, the Arbitrator issued an award finding the contract unambiguous, rejecting Landmark's claim, and awarding costs (including a portion of its legal fees) to InSightec. Landmark petitioned the District Court to vacate the award, and InSightec cross-petitioned to confirm it. The District Court denied Landmark's petition and granted InSightec's.

On appeal, Landmark contends that the District Court erred in confirming the award because the Arbitrator's procedural rulings and fee award in InSightec's favor, along with her professional affiliations, evince partiality; because the Arbitrator engaged in misconduct that rendered the proceeding fundamentally unfair; because the Arbitrator exceeded her powers by awarding InSightec costs, including attorney's fees; and because the Arbitrator manifestly disregarded the law in interpreting the parties' contract.

Reviewing the District Court's findings of fact for clear error and its legal conclusions *de novo*, *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir. 1997), we affirm the judgment substantially for the reasons stated by the District Court in its thorough and well-reasoned opinion.

Judicial review of arbitration awards is "very limited." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation marks omitted). Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("Convention"), which governs this dispute, a court asked to confirm

an arbitral award must do so "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Because the award in this case was rendered in the United States, these grounds include all the express grounds for vacating an award under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 22-23 (2d Cir. 1997). As relevant here, the FAA permits vacatur of an arbitral award "where there was evident partiality . . . in the arbitrators, or either of them; . . . where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or . . . where the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A court may also vacate an award rendered "in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451-52 (2d Cir. 2011) (internal quotation marks omitted).

Here, Landmark has failed to establish any ground for vacating the award. Landmark's primary contentions concern the Arbitrator's decisions to strike six of its ten document requests and to refuse it an extension of time to engage an expert witness — decisions, Landmark urges, that constituted misconduct and evince partiality.

These arguments are wide of the mark. Arbitrators enjoy significant deference in their evidentiary rulings; a decision not to hear evidence rises to the level of misconduct only when it denies a party "fundamental fairness." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104, 107 (2d Cir. 2013) (internal quotation marks omitted). And an adverse ruling, standing alone, "rarely evidence[s] partiality." *Scandinavian Reins. Co. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 75 (2d Cir. 2012). As the District Court carefully explained, the challenged rulings were neither fundamentally unfair nor indicative of bias. Rather, they were reasonable responses to Landmark's failure to comply with procedural rules: the Arbitrator struck Landmark's document requests because they were not properly tailored under the governing rules of discovery, and she refused Landmark an extension of time to retain an expert because of its persistent and unjustified failure to comply with deadlines for the submission of evidence. Neither ruling provides a ground for vacatur.

Landmark next attacks the Arbitrator's impartiality from a second angle. She was selected, Landmark points out, from the ICC's roster of arbitrators, and two of InSightec's attorneys are affiliated with the ICC.[1] Landmark asserts that the Arbitrator should have disclosed this alleged conflict and that her failure to have done so establishes evident partiality. We disagree. When an arbitrator "knows of a material relationship with a party but fails to disclose it," vacatur is required

---

[1] One attorney is a member of the ICC Commission on Arbitration, the roster of arbitrators of the ICC Court of Arbitration, and the Court of the ICC's Jerusalem Arbitration Center. Landmark alleges that another is a member of the ICC's Arbitration Committee and has received training in international commercial arbitration at the ICC's Paris headquarters.

3

only if a "reasonable person would have to conclude that [the] arbitrator who failed to disclose under such circumstances was partial to one side." *Id.* at 73 (alteration in original) (internal quotation marks omitted). Nothing in the record suggests that the relationship, such as it is, between the Arbitrator and InSightec's attorneys should have had the slightest effect on the Arbitrator's ability to remain neutral. Their association is both attenuated and strictly professional. Under our case law, this falls well short of establishing evident partiality. *See Matter of Andros Compania Maritima, S.A. (Marc Rich & Co., A.G.)*, 579 F.2d 691, 696-97, 701 (2d Cir. 1978) (arbitrator was not obliged to disclose that he and an executive of the firm that operated a vessel involved in the arbitration had previously served together on nineteen arbitration panels and, in the course of their activities, had had lunch together nine times in the last year).

Landmark's other arguments are no more convincing. Its contention that the Arbitrator manifestly disregarded the law by declining to enforce the parties' contract according to its plain terms is, as the District Court explained, nothing more than an argument that the Arbitrator misinterpreted the contract. Substantially more is required to set aside an award on the ground of manifest disregard of the law. *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) ("[T]he award should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached. With respect to contract interpretation, this standard essentially bars review of whether an arbitrator misconstrued a contract." (emphasis in original) (internal quotation marks and citations omitted)). Finally, the argument that the Arbitrator had no authority to award costs, including attorney's fees — along with the related argument that the fee award was in truth an impermissible award of punitive damages — may be rejected with similar dispatch. The Terms of Reference, signed by each of the parties when the arbitration began, made clear that the Arbitrator would apportion costs under the authority of Article 37 of the ICC Rules. And contrary to Landmark's assertions, a fee award is not transformed into a punitive damages award merely because it is large in amount and predicated in some measure on the arbitrator's disapproval of the complaining party's conduct in the arbitration. *Synergy Gas Co. v. Sasso*, 853 F.2d 59, 65-66 (2d Cir. 1988).

## CONCLUSION

In addition to the above, we have reviewed Landmark's remaining arguments and likewise find them to be without merit. We thus **AFFIRM** the November 26, 2014 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4